Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ALICIA FELICIANO SOTOMAYOR<br><br>Apelante<br><br>v.<br><br>HOSPITAL EPISCOPAL SAN LUCAS, INC. H/N/C CENTRO MÉDICO EPISCOPAL SAN LUCAS; X, Y y Z<br><br>Apelados | KLAN202400127 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. PO2022CV00504<br><br>Sobre:<br>Reclamación Laboral Despido Injustificado; Represalias; Daños; Procedimiento Sumario Laboral |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de marzo de 2024.

Comparece Alicia Feliciano Sotomayor (querellante, apelante o señora Feliciano Sotomayor), y solicita que revoquemos la *Sentencia* emitida el 30 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), notificada y archivada en autos el 31 de enero de 2024.[1] Mediante el referido dictamen, el foro primario declaró con lugar la *Moción de Sentencia Sumaria* del Hospital Episcopal San Lucas, Inc. h/n/c Centro Médico Episcopal San Lucas X, Y y Z (parte apelada u Hospital) y,[2] consecuentemente, desestimó con perjuicio la demanda en su totalidad.

Por las razones que expondremos a continuación, confirmamos la *Sentencia* recurrida.[3] Veamos el tracto procesal y las normas jurídicas que sostienen nuestra determinación.

---

[1] Apéndice de la *Apelación*, Anejo 1, pág. 1; Anejo 2, págs. 2-22.
[2] *Íd.,* Anejo 9, págs. 112-285.
[3] *Íd.,* Anejo 2, págs. 2-22.

**-I-**

El caso ante nuestra consideración tiene su génesis el 3 de marzo de 2022 cuando la señora Feliciano Sotomayor presentó una *Querella* sobre despido injustificado, al amparo de la *Ley sobre Despidos Injustificados*, Ley Núm. 80 del 30 de mayo de 1976 (Ley Núm. 80-1976), según enmendada, 29 LPRA secs. 185a *et seq.*; represalias, a tenor con la *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial*, Ley Núm. 115 del 20 de diciembre de 1991 (Ley Núm. 115-1991), según enmendada, 29 LPRA secs. 194 *et seq.*; y daños y perjuicios mediante el procedimiento sumario, a tenor con la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 del 17 de octubre de 1961 (Ley Núm. 2-1961), según enmendada, 32 LPRA secs. 3118 *et seq.* en contra del Hospital.[4] En la misma la querellante adujo que, en o para el 23 de marzo de 2021, el Hospital llevaba a cabo el proceso de vacunación contra el COVID-19, donde la señora Feliciano Sotomayor trabajó en el área de facturación de dicha clínica y allí percibió que se estaban vacunando a personas no autorizadas por los protocolos del Hospital y las directrices impartidas por las órdenes ejecutivas del Gobierno de Puerto Rico y el CDC, incluyendo a personas menores de sesenta (60) años. Posteriormente, la querellante sostuvo que le informó a sus supervisores y a los empleados del Hospital sobre lo acontecido, más fue despedida.

El 18 de marzo de 2022, la parte apelada presentó una *Contestación a Querella* por la cual arguyó el despido de la querellante como uno justificado, a tenor con la Ley Núm. 80-1976, *supra,* y arguyó que la querellante no participó de una actividad protegida, al amparo de la Ley Núm. 115-1991, *supra.*[5] El Hospital alegó que, el 23 de marzo de 2021, la querellante gritó, frente a todos los empleados y

---

[4] *Íd.*, Anejo 14, págs. 307-311.
[5] *Íd.*, Anejo 13, págs. 290-306.

pacientes presentes, que el Hospital estaba vacunando a los pacientes sin seguir las fases establecidas por el Gobierno de Puerto Rico. Además, alegó el Hospital que, la querellante manifestó que el personal de la parte apelada estaba haciendo lo que les daba la gana. Según sostuvo la parte apelada, las imputaciones de la querellante fueron difamatorias respecto al labor del personal y la Administración de la parte apelada en violación al Manual del Empleado del Hospital. También reflejó un rasgo de la señora Feliciano Sotomayor de carácter lesivo al bienestar y a la adecuada marcha del Hospital, contrario a los deberes básicos de todo empleado. El Hospital arguyó que lo anterior justificó el despido de la querellante.

El 19 de agosto de 2022, el TPI emitió una *Orden*, notificada y archivada en autos ese mismo día, por la cual, en lo pertinente, concedió hasta el 31 de octubre de 2022 para concluir el descubrimiento de prueba.[6]

Luego de atender una moción conjunta, el foro primario emitió una *Orden* del 27 de diciembre de 2022, notificada y archivada en autos el 28 de diciembre de 2023, mediante la cual extendió el descubrimiento de prueba hasta el 28 de abril de 2023.[7]

El 27 de abril de 2023, el foro *a quo* emitió una *Orden*, notificada y archivada en autos ese mismo día, por la cual extendió el descubrimiento de prueba hasta el 30 de julio de 2023, después de atender una moción conjunta.[8]

Tras varios trámites procesales, el 29 de agosto de 2023, el Hospital presentó una *Moción de Sentencia Sumaria* por la cual alegó falta de hechos en controversia que ameritaran la celebración de un juicio en su fondo, y, por ello, solicitó la desestimación sumaria del caso de epígrafe.[9] En síntesis, según arguyó el Hospital, la querellante

---

[6] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 9.
[7] *Íd.*, Entrada Núm. 12.
[8] *Íd.*, Entrada Núm. 15.
[9] Apéndice de la *Apelación*, Anejo 9, págs. 112-285.

fue despedida justificadamente luego de una investigación interna realizada por el Hospital. Esta investigación, alegó la parte apelada, reveló que, durante horas laborables y utilizando un tono de voz alto frente a empleados y pacientes, la señora Feliciano Sotomayor efectuó imputaciones falsas en contra del Hospital y su administración afectando así la adecuada marcha de las operaciones del Hospital, su reputación, administración y empleados. Por lo tanto, de acuerdo con las alegaciones de la parte apelada, la conducta de la querellante justificó el despido inmediato, a tenor con el Reglamento Disciplinario del Manual de Empleado del Hospital, la Ley Núm. 80-1976, *supra*, la *Ley de Transformación y Flexibilidad Laboral, Ley Núm. 4 del 26 de enero de 2017, según enmendada,* 29 LPRA secs. 121 *et seq.*, y jurisprudencia interpretativa. Además, arguyó que la querellante no participó de una actividad protegida, al amparo de la Ley Núm. 115-1991, *supra.*

Por su parte, el 30 de agosto de 2023, el TPI emitió una *Orden*, notificada y archivada en autos ese mismo día, por la cual le concedió a la señora Feliciano Sotomayor veinte (20) días para reaccionar y expresar los fundamentos por los cuales no debía concederle lo solicitado.[10]

El 18 de septiembre de 2023, la querellante presentó una *Solicitud de Prórroga para Oponernos a Moción de Sentencia Sumaria,* mediante la cual solicitó un término adicional de treinta (30) días para presentar su oposición a la solicitud de sentencia sumaria.[11]

Así las cosas, el foro primario emitió una *Orden* del 19 de septiembre de 2023, notificada y archivada en autos el 20 de septiembre de 2023, por la cual, en lo pertinente, le concedió a la señora Feliciano Sotomayor el término solicitado.[12]

---

[10] *Íd.*, Anejo 10, pág. 286.
[11] *Íd.*, Anejo 11, págs. 287-288.
[12] *Íd.*, Anejo 12, pág. 289.

El 20 de diciembre de 2023, la querellante presentó una *Oposición a Moción de Sentencia Sumaria [Doc. 19]*.[13]

Ese mismo día, la parte apelada presentó una *Solicitud para que se tenga por no puesta la "Oposición a Moción de Sentencia Sumaria"*, a tenor con la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.[14] Lo anterior, pues, según arguyó la parte apelada, la querellante presentó la *Oposición a Moción de Sentencia Sumaria [Doc. 19]* el 20 de diciembre de 2023 sin justificación alguna por su dilación.

El 20 de diciembre de 2023, el foro *a quo* emitió una *Resolución,* notificada y archivada en autos ese mismo día, por la cual dio por sometida la *Moción de Sentencia Sumaria* sin oposición.[15] Ello, pues la querellante presentó la *Oposición a Moción de Sentencia Sumaria* de "manera tardía, sin razón para ello ni justa causa que lo amerite, en incumplimiento con la prórroga de 30 días concedida el 19 de septiembre de 2023 por esta Curia", la cual venció el 19 de octubre de 2023.[16] Esto es, la querellante tardó dos (2) meses en la presentación *Oposición a Moción de Sentencia Sumaria [Doc. 19].*

El 31 de enero de 2024, el TPI emitió una *Sentencia* por la cual desestimó sumariamente el pleito de marras en su totalidad.[17] El foro primario fundamentó su dictamen en:

> **En este caso, lo manifestado por la querellante frente a empleados y pacientes de la Clínica de Vacunación, sin canalizar su preocupación a sus supervisores, llevó a que las operaciones de la [Cl]ínica se vieran afectadas, poniendo en riesgo el buen y normal funcionamiento de la empresa.** *Indulac v.* [*Central General de Trabajadores*, 207 DPR 279 (2021)]. Los actos llevados a cabo por la parte querellante están contemplados en el Manual de Empleado del Hospital, ya que consistieron en "comentarios o declaraciones falsas, viciosas o maliciosas sobre . . . paciente/cliente o la administración" y los "comentarios [fueron realizados] a empleados o terceras personas en contra de la Institución o de la Administración, que lesi[o]n[aron] su prestigio e integridad". Estas infracciones, según dispone el manual, llevan consigo el despido como primera sanción.

---

[13] *Íd.*, Anejo 8, págs. 33-111.
[14] *Íd.*, Anejo 7, págs. 30-32.
[15] *Íd.*, Anejo 4, pág. 26.
[16] *Íd.*
[17] *Íd.*, Anejo 2, págs. 2-22.

> **Concluimos que tales normas satisfacen el estándar de razonabilidad requerido por nuestro ordenamiento considerando la industria en que se desempeña el patrono querellado**. Ante la violación de normas establecidas por el patrono que forman parte del contrato de trabajo que conllevan el despido como primera sanción, que eran de conocimiento de la querellante y que afectaron el orden, la eficiencia y el buen y normal funcionamiento del Hospital, este Tribunal concluye que **el despido de la Sra. Feliciano fue uno razonable**. *Santiago v. Kodak Caribbean, Ltd.*, [129 DPR 763 (1992)]; *Rivera v. Pan Pepín*, [161 DPR 681 (2004)]; *Ortiz v. Medtronic*, [209 DPR 759 (2022)]. A su vez, al tratarse de despido justificado y tener disponible el mecanismo de sentencia sumaria para adjudicar la controversia ante nuestra consideración, procede la desestimación de la reclamación por despido por represalias debido a los actos de la querellante el 23 de marzo de 2022 que llevaron a su despido no son actividades protegidas por la ley. Ley Núm. 115, supra; *Feliciano Martes v. Sheraton*, [182 DPR 368 (2011)]; *Ramos Pérez v. Univisión*, 178 DPR 200 (2015).

> Es norma reiterada que la moción de sentencia sumaria podrá concederse en aquellos casos en donde, por medio del examen de las alegaciones y la prueba que se acompañe, ***se demuestre la inexistencia de una controversia sobre hechos materiales y que procede que el Tribunal aplique el derecho a hechos incontrovertidos.*** Véase, *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414,430 (2013); Roldán Flores v. Cuebas et al., [199 DPR 664 (2018)]; *Lugo Montalvo v. Sol Meliá Vacation*, 199 DPR 209 (2015); R. Hernández Colón, [R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta edición, Puerto Rico, LEXIS NEXIS, 2017, pág. 31]. Nuestro ordenamiento laboral establece que, a pesar de que la Ley Núm. 80, supra, no favorece el despido como primera falta, esta norma no es absoluta, ya que existen circunstancias en donde una sola ofensa o primera falta justificaría el despido. *Indulac v. Unión*, supra. **Así mismo, el Tribunal ha reiterado que no es necesario esperar a que la conducta lesiva al orden de la empresa se reitere para que el patrono pueda despedir al empleado si la primera ofensa es de tal severidad o naturaleza, ya que podría constituir una imprudencia esperar a que reiterarse la conducta**. *Id*.

> . . . .[18]

Inconforme, el 12 de febrero de 2024, la apelante acudió ante nos mediante el presente recurso de *Apelación*, en el que le atribuyó al TPI la comisión de los siguientes errores:

> **1. Erró el TPI al dictar sentencia sumariamente cuando de los hechos presentados por la parte apelada surgen controversias y elementos**

---

[18] *Íd.*, págs. 21-22. (Énfasis nuestro y suplido).

**subjetivos, de intención, propósitos mentales o negligencia que deben ser dirimidos en un juicio plenario.**

2. **Erró el TPI al no aceptar la moción en oposición ya presentada en los autos.**

En síntesis, la apelante plantea que procede revocar la *Sentencia* recurrida pues, según arguye, existen hechos en controversia y los hechos admitidos como incontrovertidos fueron apoyados por prueba *self-serving*. Además, alega la querellante, el foro primario debe examinar en un juicio si la razón del despido fue para encubrir una violación del Hospital. La señora Feliciano Sotomayor también arguye que todo reglamento de empleado que disponga el despido del empleado por este prestar una declaración que no sea del agrado del patrono es uno irrazonable. Por último, sostiene erradamente que el foro primario acogió su *Oposición a Moción de Sentencia Sumaria [Doc. 19]* y posteriormente, ante la *Solicitud para que se tenga por no puesta la "Oposición a Moción de Sentencia Sumaria,* el foro *a quo* no acogió su oposición.

Por su parte, el Hospital alega, en síntesis, que no existen hechos en controversia y que los hechos incontrovertidos apoyan el despido de la querellante como uno justificado por haber incurrido en conducta grave, a tenor con el Reglamento Disciplinario del Manual de Empleado del Hospital y la Ley Núm. 80-1976, *supra,* junto a su jurisprudencia interpretativa. Según sostiene la parte apelada, la querellante cuestionó, frente a empleados y pacientes del Hospital, el proceso de vacunación y el cumplimiento por parte de este con las reglamentaciones estatales y federales respecto a las fases de vacunación frente a empleados y pacientes del Hospital. <u>Lo anterior sin presentar evidencia alguna del alegado incumplimiento.</u> También arguye el Hospital que la querellante no participó de una actividad protegida, conforme a la Ley Núm. 115-1991, *supra.* Por último, alega que la querellante presentó su oposición a la solicitud de sentencia

sumaria de forma tardía y en claro incumplimiento con las Reglas de Procedimiento Civil, *supra*, y las normas reglamentarias aplicables.

En vista del error imputado al TPI, exponemos la normativa jurídica atinente a este recurso.

**-II-**

**-A-**

Es norma conocida que la solicitud de sentencia sumaria "es un mecanismo procesal que posibilita la ágil disposición de casos sin la celebración de un juicio, siempre que no presenten controversias genuinas de hechos materiales". *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120 (2023); véase, además, *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979 (2022); *Fernández Martínez v. RAD-MAN San Juan III-D, LLC*, 208 DPR 310, 334 (2021). A esos efectos, un hecho material es uno esencial, pertinente y que puede afectar el resultado de la reclamación conforme al derecho sustantivo aplicable. *Ramos Pérez v. Univisión, supra*, pág. 213; véase, además, Regla 36.1 de Procedimiento Civil, *supra*, R. 36.1. Además, la controversia sobre el hecho material debe ser real. *Ramos Pérez v. Univisión, supra*, pág. 213. En otras palabras, debe ser "de una calidad suficiente como para que sea necesario que un juez dirima a través de un juicio plenario. . .". Íd.

Cónsono con lo anterior, la Regla 36.3(e) de Procedimiento Civil, *supra*, R. 36.3 (e), establece que procede dictar una moción de sentencia sumaria "si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. . .". Véase, además, *Birriel Colón v. Supermercado Los Colobos, supra*; véase, además, *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015); *SLG Zapata Rivera v. J.F. Montalvo, supra*, pág. 430.

Por otra parte, la parte que se opone a la solicitud de sentencia sumaria deberá refutar los hechos materiales que entienda están en disputa con evidencia sustancial. *Birriel Colón v. Supermercado Los Colobos, supra*; *Fernández Martínez v. RAD-MAN San Juan III-D, LLC, supra*, págs. 336-337. Ahora bien, si la petición de sentencia sumaria está sustentada con declaraciones juradas u otra prueba, la parte que se opone no puede descansar en meras alegaciones, sino que deberá contestar de una forma tan detallada y especifica como lo haya hecho la parte promovente. *Birriel Colón v. Supermercado Los Colobos, supra*; véase, además, *Ramos Pérez v. Univisión, supra*, pág. 215; Regla 36.3 (c), *supra*, R. 36.3(c). De lo anterior, incluso si no se presenta prueba para controvertir la evidencia presentada, ello no conduce a la concesión automática de una solicitud de sentencia sumaria. *Birriel Colón v. Supermercado Los Colobos, supra*; *Fernández Martínez v. RAD-MAN San Juan III-D, LLC, supra*, pág. 337.

Respecto a la oposición a una solicitud de sentencia sumaria, se sostiene, además que, la Regla 36.3 (b) de Procedimiento Civil, *supra*, establece que, "(b) [l]a contestación a la moción de sentencia sumaria deberá ser presentada dentro del término de veinte (20) días de su notificación. . .". Por ello, "[s]i la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, <u>se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal</u>". Íd. (Énfasis suplido).

Nuestro más alto foro estableció en *Meléndez González et al. v. M. Cuebas, supra*, págs. 117-119, el estándar específico que debemos seguir como Tribunal de Apelaciones al momento de revisar denegatorias o concesiones de solicitudes de sentencia sumaria.

Primero, nos encontramos en la misma posición que el foro primario al momento de revisar las mociones de sentencia sumaria. *Meléndez González et al. v. M. Cuebas, supra*, pág. 118. En otras palabras, se aplicarán los mismos criterios que la Regla 36 de

Procedimiento Civil, *supra*, R. 36, le exige al foro *a quo*. Así pues, este Tribunal está llamado a llevar a cabo una revisión *de novo*. Sin embargo, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI, y debemos examinar el expediente de la forma más favorable hacia la parte que se opuso a la moción de sentencia sumaria, "llevando a cabo todas las inferencias permisibles a su favor". *Meléndez González et al. v. M. Cuebas, supra*, pág. 116.

Segundo y cónsono con lo anterior, al encontrarnos en la misma posición que el foro *a quo*, debemos revisar que tanto la petición de sentencia sumaria como su oposición cumplan con los requisitos de la Regla 36 de Procedimiento Civil, *supra*, y los discutidos en el caso de *SLG Zapata- Rivera v. J.F. Montalvo, supra; Meléndez González et al. v. M. Cuebas, supra*, pág. 118.

Tercero, nuestro Tribunal debe revisar si en realidad existen hechos materiales en controversia. Íd. De haberlos, debemos cumplir con la exigencia establecida en la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4, y exponer cuáles son los hechos materiales que están en controversia y cuáles son incontrovertidos. *Meléndez González et al. v. M. Cuebas, supra*, pág. 118.

Cuarto y último, si este Tribunal determina que no existen hechos materiales en controversia, entonces procederemos a revisar si el TPI aplicó correctamente el derecho. Íd., pág. 119.

**-B-**

Mediante la Ley Núm. 80-1976, *supra*, se protege a los empleados contra actuaciones arbitrarias del patrono disponiendo remedios económicos que desalienten despidos injustificados. *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co., supra*, pág. 770; *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 929 (2015); *Romero v. Cabrer Roig*, 191 DPR 643, 649 (2014); *Feliciano Martes v. Sheraton, supra*, pág. 379. Este resarcimiento es conocido como la mesada y es un remedio exclusivo para aquellos empleados

despedidos injustificadamente. *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, *supra*, pág. 772; *León Torres v. Rivera Lebrón*, 204 DPR 20, 37 (2020); *Lugo Montalvo v. Sol Meliá Vacation*, *supra*, págs. 230-231. Por ello, la Ley Núm. 80-1976, *supra*, tiene como propósito desalentar la práctica de despedir a empleados sin existir justa causa para ello, y proveerles a los empleados remedios ante daños causados por los despidos injustificados. *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, *supra*, pág. 772; *González Méndez v. Acción Social*, 196 DPR 213, 229 (2016).

Este estatuto incluye una lista taxativa de circunstancias que justifican un despido mediante justa causa. *Indulac v. Central General de Trabajadores*, *supra*, pág. 299; *González Santiago v. Baxter Healthcare of Puerto Rico*, 202 DPR 281, 292 (2019). Algunas de las instancias por las cuales se justifica el despido de un empleado son:

> Se entenderá por justa causa para el despido de un empleado aquella que no esté motivada por razones legalmente prohibidas y que no sea producto del mero capricho del patrono. Además, se entenderá por justa causa aquellas razones que afecten el buen y normal funcionamiento de un establecimiento que incluyen, entre otras, las siguientes:
> **(a)** Que el empleado incurra en un patrón de conducta impropia o desordenada.
> **(b)** Que el empleado incurra en un patrón de desempeño deficiente, ineficiente, insatisfactorio, pobre, tardío o negligente. Esto incluye incumplir con normas y estándares de calidad y seguridad del patrono, baja productividad, falta de competencia o habilidad para realizar el trabajo a niveles razonables requeridos por el patrono y quejas repetidas de los clientes del patrono.
> **(c)** Violación reiterada por el empleado de las reglas y reglamentos razonables establecidos para el funcionamiento del establecimiento siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado.
>
> . . . . Íd., sec. 185b.

Como norma general, la Ley Núm. 80-1976, *supra*, no favorece el despido como sanción ante una primera falta. *Indulac v. Central General de Trabajadores*, *supra*, págs. 299-300 (citando a *Secretario del Trabajo v. I.T.T.*, 108 DPR 536, 542-543 (1979)). No obstante, esta regla no es absoluta. *Indulac v. Central General de Trabajadores*,

*supra,* pág. 300. Lo anterior pues, nuestro más alto foro ha resuelto que existen circunstancias en las cuales una sola ofensa o primera falta pudieran justificar un despido. Íd. Específicamente, nuestro máximo foro expresó:

> La falta o acto aislado que dé lugar a[l] despido del empleado en primera ofensa ha de ser de tal seriedad o naturaleza que revele una actitud o un detalle de su carácter, tan lesivo a la paz y al buen orden de la empresa, que constituiría imprudencia esperar su reiteración para separarlo del establecimiento. *Secretario del Trabajo v. I.T.T., supra,* pág. 544.

Asimismo, en *Indulac v. Central General de Trabajadores, supra,* págs. 300-301, se explicó que, "lo esencial es que del agravio perpetrado por el empleado ponga de manifiesto una condición, que dentro del contexto del empleo sea inaceptable o intolerable, independientemente de que se trate de una primera falta".

**-C-**

La Ley Núm. 2-1961, *supra,* establece un mecanismo especial para la rápida consideración y adjudicación de las querellas de empleados principalmente en casos sobre reclamaciones salariales y beneficios como la mesada por despido injustificado. *Pena Lacern v. Martínez,* 210 DPR 425, 434 (2022); *Santiago Ortiz v. Real Legacy Assurance Company, Inc.,* 206 DPR 194, 206-207 (2021); *Bacardí Corporation v. Torres Arroyo,* 202 DPR 1014, 1019 (2019). Para ello, la Asamblea Legislativa acortó términos y condiciones de la litigación civil en nuestra jurisdicción. *Pena Lacern v. Martínez, supra,* pág. 434; *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico,* 207 PR 339, 347 (2021); *León Torres v. Rivera Lebrón, supra,* pág. 31. Una de las condiciones modificadas en este tipo de tramite especial es que el patrono ostenta "una sola alegación responsiva en la cual deberá incluir todas sus defensas y objeciones, <u>entendiéndose que renuncia a todas las defensas u objeciones que no incluya en dicha alegación responsiva</u>". *Véase,* Ley Núm. 2-1961, *supra,* sec. 3120 (énfasis suplido); *Pena Lacern v. Martínez, supra,* págs. 434, 435. A tenor con

lo anterior, las Reglas de Procedimiento Civil, *supra*, aplicarán supletoriamente en todo aquello que no esté en conflicto con las disposiciones o con el carácter sumario de la Ley Núm. 2-1961, *supra*, sec. 3120; *Pena Lacern v. Martínez*, *supra*, pág. 435. Además, "[a]unque se ha reconocido la posibilidad de tener cierta flexibilidad ante las circunstancias extraordinarias que pueda presentar un caso en particular, en modo alguno se autoriza a los tribunales a soslayar el inequívoco y obligatorio precepto de rapidez en el trámite judicial estatuido en la Ley Núm. 2". *Pena Lacern v. Martínez, supra*, pág. 436.

**-D-**

La Ley Núm. 115-1991, *supra*, provee una protección empleados frente a represalias que tome un patrono contra estos por haber provisto testimonio, expresión o información en algún foro judicial legislativo o administrativo; véase, además, Íd., sec. 194 (a); *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 177 DPR 345, 361 (2011); *Feliciano Martes v. Sheraton*, supra, pág. 392; *Ocasio v. Kelly Servs.*, 163 DPR 653, 685 (2005). Cónsono con ello, se le otorga al empleado una causa de acción si, por realizar una actividad protegida, es despido, amenazado o discriminado en el empleo. *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, supra*, pág. 361; *Rivera Prudencio v. Mun. San Juan*, 170 DPR 149, 159 (2007); *Cintrón v. Ritz Carlton*, 162 DPR 32, 37 (2004). Además, mediante la Ley Núm. 115-1991, *supra*, la Asamblea Legislativa creó una presunción de violación a este estatuto a favor de la querellante. *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, supra*, pág. 361; *Marín v. Fastening Systems, Inc.*, 142 DPR 499 (1997). Consecuentemente, el empleado puede probar la violación mediante evidencia directa o circunstancial, o establecer un caso *prima facie* de violación, tras evidenciar haber participado de una actividad protegida por la Ley Núm. 115-1991, *supra*, y consecuentemente, haber sido despedido, amenazado o

discriminado. Íd., sec. 194b (c). Una vez establecido lo anterior, "el patrono deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido". Íd. Si el patrono logra ello, el empleado debe demostrar que la razón alegada por el patrono realmente era un mero pretexto para el despido. Íd.; véase, además, *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, supra,* pág. 362; *Feliciano Martes v. Sheraton, supra,* pág. 392; *Hernández v. Espinosa,* 145 DPR 248 (1998).

**-E-**

Es harto conocido que una persona que mediante culpa o negligencia cause daño a otra, deberá repararlo. Código Civil del 2020, 31 LPRA sec. 10801. En esa misma línea, la parte reclamante debe establecer tres (3) requisitos: (i) la existencia de un daño real; (ii) el nexo causal entre el daño y la acción u omisión; y (iii) el acto u omisión culposo o negligente. *Mena Pamias v. Jiménez Meléndez,* 2023 TSPR 108; *Cruz Flores v Hospital Ryder Memorial Inc.,* 210 DPR 465, 483-484 (2022); *Pérez Hernández v. Lares Medical Center, Inc.,* 207 DPR 965, 976 (2021). Asimismo, la culpa o negligencia consiste en la falta del debido cuidado, el cual consiste en no anticipar y prever las consecuencias racionales de un acto o una omisión de un acto. *Mena Pamias v. Jiménez Meléndez, supra; López v. Porrata Doria,* 169 DPR 135, 151 (2006); *Torres Aponte v. E.L.A.,* 142 DPR 464 (1997). Por su parte, el daño es definido como "todo menoscabo material o moral causado contraviniendo una norma jurídica, que sufre una persona y del cual haya de responder otra". *López v. Porrata Doria, supra,* pág. 151 (citando a J. Puig Brutau, *Fundamentos de Derecho Civil,* Barcelona, Ed. Bosch, 1983, T. 2, Vol. 3, pág. 92).

Intrínseco al concepto de daño se encuentran aquellos daños patrimoniales y no patrimoniales. *Sagardía De Jesús v. Hosp. Aux. Mutuo,* 177 DPR 484, 505 (2009); *Weber Carrillo v. ELA,* 190 DPR 688 (2014). Por un lado, los daños patrimoniales consisten en el

menoscabo del patrimonio de la persona perjudicada. *Sagardía De Jesús v. Hosp. Aux. Mutuo, supra,* págs. 505-506. Por otro lado, los daños no patrimoniales so aquellos "cuya valoración en dinero no tiene la base equivalencial que caracteriza a los patrimoniales, por afectar precisamente a elementos o intereses de difícil valoración pecuniaria". Íd., pág. 506 (citando a J. Santos Briz, *Tratado de Derecho Civil*, Barcelona, Ed. Bosch, 2003, T. III, pág. 460). Dentro de los daños no patrimoniales se encuentran los morales los cuales a su vez incorporan "el dolor físico o corporal, las angustias mentales, hasta los daños o las lesiones corporales". *Sagardía De Jesús v. Hosp. Aux. Mutuo, supra*, págs. 506-507; *SLG Pagan-Renta v. Walgreens*, 190 DPR 251 (2014). En cuanto a las angustias mentales, estas son aquellas reacciones "de la mente y de la consciencia a un daño corporal o un evento sufrido y su impacto subjetivo en el bienestar personal". *Sagardía De Jesús v. Hosp. Aux. Mutuo, supra*, pág. 508. Por lo tanto, las angustias mentales no siempre guardan relación con los danos corporales, pues afectan principalmente el ámbito emocional y mental. Íd.

**-F-**

Las declaraciones juradas constituyen una de las formas de establecer hechos incluidos en las solicitudes de sentencia sumaria. De una mirada a la Regla 36.3 de Procedimiento Civil, *supra*, se desprende que:

> (a) La moción de sentencia sumaria se notificará a la parte contraria y contendrá lo siguiente:
>
> . . . ;
>
> (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; . . . .

Por su parte, la Regla 36.5 de Procedimiento Civil, *supra*, R. 36.5, indica que, "[l]as declaraciones juradas para sostener u oponerse a la moción se basarán en el conocimiento personal del o de la declarante. Contendrán aquellos hechos que serían admisibles en evidencia y demostrarán afirmativamente que el o la declarante está cualificado para testificar en cuanto a su contenido". Del mismo modo, esta regla permite complementar e impugnar las declaraciones juradas mediante deposiciones o declaraciones juradas adicionales. Íd. Cónsono con ello, nuestro más alto foro ha expresado que las declaraciones juradas serán suficientes para sostener o controvertir una solicitud de sentencia sumaria si contienen hechos específicos y hechos que establezcan que el declarante tiene conocimiento personal del asunto declarado. *Roldán Flores v. M. Cuebas*, 199 DPR 664, 677 (2018); véase, además, *Ramos Pérez v. Univisión*, 178 DPR 200, 215-216 (2010). Sin embargo, en un procedimiento sobre sentencia sumaria, declaraciones juradas con conclusiones solamente, sin hechos específicos que las apoyen, no tienen valor probatorio, y por ello, son insuficientes para demostrar lo que allí se concluye. *Ramos Pérez v. Univisión*, 178 DPR 200, 216 (2010) (citando a *Corp. Presidig Bishop CJC of LD v. Purcell*, 117 DPR 68, 722 (1986)).

Por esa misma línea, la evidencia pertinente es aquella que aumenta o disminuye la probabilidad de la existencia de un hecho y tiene consecuencias para la adjudicación de la acción. Véase, Regla 401 de Evidencia, 32 LPRA Ap. VI, R. 401; *Pueblo v. Santiago Irizarry*, 198 DPR 35, 43 (2017). Igualmente, la evidencia pertinente es aquella que tiene "algún valor probatorio, por mínimo que sea, para adjudicar la acción". *Pueblo v. Santiago Irizarry*, *supra*, pág. 43 (citando a E.L. Chiesa Aponte, *Reglas de Evidencia de Puerto Rico 2009*, San Juan, Pubs. JTS, 2009, pág. 114). Como regla general, la evidencia pertinente es admisible, sin embargo, los tribunales ostentan discreción para excluir prueba pertinente si su valor probatorio queda

superado por perjuicio, confusión, desorientación en el jurado, dilación indebida de los procedimientos o innecesaria presentación de prueba acumulativa, a tenor con la Regla 403 de Evidencia, *supra*, R. 403; *Pueblo v. Santiago Irizarry, supra*, pág. 44.

**-III-**

En el caso ante nuestra consideración, la parte apelada presentó una *Moción de Sentencia Sumaria* el 29 de agosto de 2023. Fundamentó su solicitud en que, luego de una investigación interna del Hospital, se determinó que durante horas laborables, frente a empleados y pacientes, la querellante utilizó un tono alto para efectuar imputaciones falsas en contra del Hospital y su administración, lo cual afectó la adecuada marcha de la Clínica de Vacunación del Hospital, y el bienestar de los empleados y pacientes. Además, la parte apelada sostuvo que, la querellante no participó de una actividad protegida, conforme a la Ley Núm. 115-1991, *supra*. Finalmente, arguyó que, la querellante presentó su oposición a la solicitud de sentencia sumaria de forma tardía y en claro incumplimiento con las Reglas de Procedimiento Civil, *supra*, y las normas reglamentarias aplicables. Por lo anterior, solicitó la desestimación sumaria y con perjuicio del caso de epígrafe. El foro primario dio por sometida la *Moción de Sentencia Sumaria* sin oposición, y emitió una *Sentencia* mediante la cual declaró con lugar la *Moción de Sentencia Sumaria*. El tribunal concluyó que la querellante no canalizó su preocupación a través de sus supervisores y sus manifestaciones afectaron las operaciones de la Clínica de Vacunación del Hospital, poniendo así en riesgo el buen y normal funcionamiento de la empresa. Consecuentemente, determinó que el despido de la señora Feliciano Sotomayor fue justificado.

Inconforme, la querellante acudió en revisión ante nos.

Tras un minucioso análisis de la normativa relevante y los hechos particulares, así como la totalidad del expediente de este caso, concluimos que el foro primario no erró al desestimar la querella.

La apelante arguye que procede revocar la *Sentencia* recurrida pues, existen hechos en controversia y los hechos admitidos como incontrovertidos fueron apoyados por prueba *self-serving*. Además, la apelante arguye erradamente que el foro primario acogió su *Oposición a Moción de Sentencia Sumaria [Doc. 19]* y posteriormente, ante la *Solicitud para que se tenga por no puesta la Oposición a Moción de Sentencia Sumaria*, el foro *a quo* no acogió su oposición.

Como se expuso en la sección anterior, este Tribunal se encuentra en la misma posición que el foro *a quo* al momento de revisar mociones de sentencia sumaria. En otras palabras, nuestra revisión es *de novo* y debemos aplicar los mismos criterios de la Regla 36 de Procedimiento Civil, *supra*, respecto a las solicitudes de sentencia sumaria y sus oposiciones. Cónsono con ello, debemos corroborar si la petición de sentencia sumaria y su oposición cumplen con los criterios esbozados en la Regla 36 de Procedimiento Civil, *supra*. Por un lado, en la Regla 36.3 de Procedimiento Civil, *supra*, se indica que quien presenta una solicitud de sentencia sumaria, integrará a esta una relación concisa, organizada y en párrafos de todos los hechos esenciales y pertinentes incontrovertidos apoyados de, en parte, declaraciones juradas o cualquier otro documento admisible en evidencia incluido en el expediente del tribunal. Nótese que, las declaraciones juradas serán suficientes para sostener o controvertir una solicitud de sentencia sumaria si contienen hechos específicos y hechos que establezcan que el declarante tiene conocimiento personal del asunto declarado. *Roldán Flores v. M. Cuebas*, 199 DPR 664, 677 (2018); véase, además, *Ramos Pérez v. Univisión*, 178 DPR 200, 215-216 (2010). Sin embargo, en un procedimiento sobre sentencia sumaria, las declaraciones juradas con

conclusiones solamente, sin hechos específicos que las apoyen, no tienen valor probatorio, y por ello, son insuficientes para demostrar lo que allí se concluye. *Ramos Pérez v. Univisión*, 178 DPR 200, 216 (2010) (citando a *Corp. Presidig Bishop CJC of LD v. Purcell*, 117 DPR 68, 722 (1986)).

De una lectura cuidadosa de las declaraciones juradas presentadas por la parte apelada para apoyar los hechos propuestos como incontrovertidos en la *Moción de Sentencia Sumaria*, a saber, las declaraciones juradas de Annette Vélez Irizarry (señora Vélez Irizarry), Gerente de Recursos Humanos; Christina Medina Zamora (señora Medina Zamora), Secretaria Ejecutiva; y María García Torres (señora García Torres), se desprenden los hechos específicos materiales sobre el incidente en cuestión. Por lo tanto, aunque se hayan incluido ciertos hechos concluyentes en las aludidas declaraciones juradas, ello de por sí solo no las hace insuficientes. Consecuentemente, procede confirmar la admisión de las declaraciones juradas en apoyo de los hechos propuestos como incontrovertidos en la *Moción de Sentencia Sumaria.*

Por otro lado, en la Regla 36.3 (b) de Procedimiento Civil, *supra*, establece que, "(b) [l]a contestación a la moción de sentencia sumaria deberá ser presentada dentro del término de veinte (20) días de su notificación. . .". A tenor con ello, "[s]i la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal". Surge del expediente que la querellante tuvo tiempo suficiente para presentar la *Oposición a Moción de Sentencia Sumaria*, sin embargo, la presentó tardíamente y sin justa causa. Específicamente, el foro primario le concedió dos (2) prórrogas, la primera de veinte (20) días y la segunda de treinta (30) días. Este último término venció el 19 de octubre de 2023. Sin embargo, sin explicación alguna, la señora Feliciano Sotomayor

presentó la *Oposición a Moción de Sentencia Sumaria* <u>dos (2) meses</u> <u>después de dicha prórroga y sin proveer justa causa para ello.</u> Por lo tanto, confirmamos la determinación del TPI que dio por sometida la moción de sentencia sumaria para la consideración del tribunal sin la *Oposición a Moción de Sentencia Sumaria.* Considerado el excesivo tiempo transcurrido sin que la querellante presentase su escrito, no actúo contrario a derecho el TPI al negarse a admitir la Oposición a Moción de Sentencia Sumaria presentada por dicha parte.

Establecido lo anterior, nos corresponde revisar si, en efecto, existen hechos materiales en controversia. De haberlos, debemos cumplir con la exigencia establecida en la Regla 36.4 de Procedimiento Civil, *supra*, y exponer cuáles son los hechos materiales que están en controversia y cuáles son incontrovertidos. De un análisis ponderado del expediente, los hechos propuestos como incontrovertidos en la *Moción de Sentencia Sumaria* junto a la evidencia debidamente citada en esta petición, concluimos que no existen hechos materiales en controversia.

No habiendo hechos materiales en controversia, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho en el caso ante su consideración. Resulta importante discutir las dos (2) reclamaciones principales del caso de marras de forma independiente; estas siendo: (i) despido injustificado, al amparo de la Ley Núm. 80-1976, *supra*, y (ii) despido como represalia, a tenor con la Ley Núm. 115-1991, *supra*.

Es norma conocida que el Artículo 2 de la Ley Núm. 80, *supra*, sec. 185b, no plasma una lista taxativa de circunstancias que justifiquen un despido mediante justa causa. Véase, además, *Indulac v. Central General de Trabajadores, supra*, pág. 299; *González Santiago v. Baxter Healthcare of Puerto Rico*, 202 DPR 281, 292 (2019). Acorde con ello, si bien tres de las circunstancias de dicho artículo requieren un patrón de conducta impropia o desordenada, un patrón de

desempeño deficiente, ineficiente, insatisfactorio, pobre, tardío o negligente, y violación reiterada por el empleado de reglas y reglamentos, nuestro máximo foro ha reiterado que un solo acto o una sola falta puede ser suficiente para justificar el despido como sanción ante una primera ofensa. Artículo 2 de la Ley Núm. 80, *supra*, sec. 185b; *Secretario del Trabajo v. I.T.T.*, *supra*, pág. 544; *Indulac v. Central General de Trabajadores*, *supra*, págs. 300-301. Específicamente, esa falta o acto debe ser de tal naturaleza que "ponga de manifiesto una condición, que dentro del contexto del empleo sea inaceptable o intolerable, independientemente de que se trate de una primera falta". *Indulac v. Central General de Trabajadores*, *supra*, págs. 300-301.

Del expediente del caso de epígrafe no existe duda de que, en lugar de dirigirle las aludidas preocupaciones a sus supervisores, la señora Feliciano Sotomayor optó por utilizar un tono de voz alto para cuestionar el cumplimiento del Hospital y su Administración frente a pacientes y empleadas. Dicho acto por parte de la querellante evidentemente afectó el buen funcionamiento de la Clínica de Vacunación. En consideración de la importancia del tema de los procesos de vacunación durante una pandemia de salud pública, y recordando que las expresiones falsas y difamatorias se hicieron dentro del Hospital y frente a pacientes, si bien se trató de un solo acto, el mismo fue de tal gravedad y agravio que puso en peligro el orden y la eficiencia del funcionamiento del Hospital, y constituiría imprudencia esperar su reiteración.

En cuanto a la reclamación de represalias, la Ley Núm. 115-1991, *supra*, provee una protección para empleados frente a represalias cuando realizan algún testimonio, expresión o información en algún foro judicial legislativo o administrativo; véase, además, Íd., sec. 194 (a); *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 177 DPR 345, 361 (2011); *Feliciano*

*Martes v. Sheraton*, 182 DPR 368, 392 (2011); *Ocasio v. Kelly Servs.*, 163 DPR 653, 685 (2005). En el caso de epígrafe, la querellante no presentó prueba directa ni circunstancial en apoyo a la violación de este estatuto. Mucho menos estableció un caso *prima facie* de represalia. Aquí la señora Feliciano Sotomayor emitió sus manifestaciones en contra del Hospital y la Administración del Hospital frente empleados y pacientes. En ningún momento recurrió a su supervisora, la señora Vélez Irizarry, para comunicarle su preocupación. Peor aún, ante la llamada de su supervisora para dialogar sobre lo ocurrido, la querellante indicó que no había sucedido nada. Concluyentemente, la querellante no realizó una de las actividades protegidas por Ley Núm. 115-1991, *supra*, y por ello, actuó correctamente el TPI al desestimar la reclamación de represalias.

Así las cosas, consideradas la totalidad de las circunstancias antes expuestas, procedía la desestimación sumaria y con perjuicio de la acción presentada por la querellante.

**-IV-**

Por los fundamentos expuestos, confirmamos la *Sentencia* recurrida.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones